UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON VANBLAIR, | ) |
| *Plaintiff*, | ) |
| vs. | ) Case No. 22-1215 |
| | ) JURY TRIAL REQUESTED |
| TERRY DRAKE, RUSH COUNTY SHERIFF'S OFFICE, ALLAN RICE, RUSH COUNTY, INDIANA, INDIANA STATE POLICE, and JOHN DOE. | ) |
| *Defendants*. | ) |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Brandon VanBlair ("VanBlair"), by counsel and for his cause of action against the Defendants, alleges and states as follows:

### Jurisdiction and Venue

1. This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and under Indiana common law.

2. This Court has jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1376 and 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391 in that Plaintiff resides in and the cause of action arises in the Southern District of Indiana, Indianapolis Division.

### Parties

4. VanBlair is an adult domiciled in Fayette County, Indiana.

5. Defendant Terry Drake ("Drake") is employed as a deputy sheriff with the Rush County Sheriff's Office ("RCSO"); this action is against him in his individual and official capacities.

6. Defendant Allan Rice ("Rice") is elected as the Sheriff of Rush County, Indiana; this action is against him in his individual and official capacities.

7. Defendant Rush County, Indiana ("County") is the actual controlling entity of RCSO and is thus the actual employer of Defendant Drake.

8. Defendant John Doe ("Doe"), whose actual identity is unknown, is employed as a law enforcement officer with the Indiana State Police ("ISP"); this action is against him in his individual and official capacities.

## Factual Allegations

9. On or about June 15, 2020, VanBlair was operating a vehicle in Rush County, Indiana.

10. Drake initiated a stop of the vehicle for speeding.

11. VanBlair did not stop. Drake, other RSCO officers, and surrounding county officers pursued VanBlair from Rush County, Indiana to Fayette County, Indiana.

12. Rice authorized the pursuit.

13. During the pursuit, VanBlair exited the vehicle, and VanBlair surrendered himself to law enforcement.

14. After VanBlair exited his vehicle and surrendered himself to law enforcement, Drake struck VanBlair with his police vehicle. VanBlair was subsequently arrested.

15. Drake used excessive force in the course of VanBlair's arrest.

16. Drake's use of excessive force was not reasonable.

17. Additionally, Drake operated his vehicle in an unsafe manner and without due regard for public safety.

18. As a result of Drake's actions, VanBlair incurred personal injury and pain and suffering.

19. Drake's actions in striking VanBlair with the vehicle were unnecessary.

20. Drake's actions in striking VanBlair with the vehicle were illegal and unconstitutional.

21. Drake was at all relevant times acting in the course of his employment for the County.

22. Drake was at all relevant times hereto in full law enforcement uniform and in a law enforcement vehicle issued to him.

23. Doe was assigned as an accident reconstructionist to investigate the actions of the above-referenced collision.

24. Doe failed to properly investigate the collision and preserve evidence and caused spoilation of evidence.

25. Doe had a duty to preserve said evidence.

26. Doe was at all relevant times acting in the course of his employment.

27. Doe was at all relevant times hereto in full law enforcement uniform.

28. VanBlair filed a Notice of Tort Claim pursuant to Indiana law regarding this collision in a timely manner.

## Legal Allegations

29. At all relevant times hereto, Drake, Rice, RCSO, and Doe were acting under the color of Indiana state law.

30. Drake's actions constituted an unreasonable seizure of VanBlair, violating his Fourth, Fifth, and Fourteenth Amendment rights, redressable pursuant to 42 U.S.C. § 1983.

31. Drake's actions constituted gross negligence redressable pursuant to Indiana's Tort Claims Act and Indiana state law.

32. County is liable under state law for Drake, Rice, and RCSO's actions since they were acting within the course of their employment.

33. Doe's actions constitute spoliation of evidence resulting in violations of VanBlair's rights.

## Claims for Relief

34. VanBlair requests that this Court assume jurisdiction over this cause, grant him compensatory damages, costs, attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages against Drake, and all other relief just and proper in the premises.

35. VanBlair requests this Court grant him judgment pursuant to Indiana state law against Drake, RCSO, Rice, County, ISP and Doe for compensatory damages and costs.

## Jury Trial Request

36. VanBlair requests a jury trial.

Respectfully submitted,

/s/ Finis Tatum IV
Finis Tatum IV, Attorney No. 29092-49
Janet L. Wheeler, Attorney No. 36298-32
**HOOVER HULL TURNER LLP**
111 Monument Circle, Suite 4400
Post Office Box 44989
Indianapolis, IN 46244-0989
Phone: (317) 822-4400
Email: ftatum@hooverhullturner.com
       Jwheeler@hooverhullturner.com

I:\21203\Pleadings\Complaint